IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

--------------------------------------------------------------------- x

KAITLIN E. WALSH, on behalf of herself, and :
all other plaintiffs known and unknown, :
                                 :

              Plaintiff, :    Civil Action No. 12-cv-05038
                                 :

        -v- :    **ANSWER AND**
                                   :    **AFFIRMATIVE DEFENSES TO**
"SIX FLAGS ENTERTAINMENT CORPORATION" :    **AMENDED COMPLAINT**
D/B/A SIX FLAGS GREAT AMERICA, :
                                   :
              Defendant. :
                                   :

--------------------------------------------------------------------- x

       Defendant, Six Flags Entertainment Corporation, D/B/A Six Flags Great America

("Defendant"), by and through its undersigned attorneys, Sheppard, Mullin, Richter & Hampton,

LLP, hereby answers the Amended Complaint, filed January 11, 2013 (the "Amended

Complaint"), by Plaintiff, Kaitlin E. Walsh ("Plaintiff"), herein as follows:

## I.     <u>NATURE OF ACTION</u>

       1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, <u>et</u>
<u>seq.</u>, the Portal-to-Portal Act, 29 U.S.C. §251 <u>et seq.</u>, the Illinois Minimum Wage Law, 820
ILCS §105/1 <u>et seq.</u>, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, <u>et</u>
<u>seq.</u>

       **<u>ANSWER</u>:**   Defendant avers that the allegations set forth in paragraph 1 of the

Complaint state a legal conclusion to which no response is required.  Notwithstanding the

foregoing, to the extent that paragraph 1 of the Complaint contains factual allegations, Defendant

denies each and every allegation.

## II.     <u>JURISDICTION AND VENUE</u>

       2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C.
§§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 <u>et seq.</u>, the Davis Bacon Act, 40 U.S.C.
§276a, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue
lies in the Northern District of Illinois in that during all times relevant to the employment

relationship Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

**ANSWER:** Defendant avers that the allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 2 of the Complaint contains factual allegations, Defendant denies each and every allegation, except admits that Great America, LLC (D/B/A "Six Flags Great America") was Plaintiff's employer and transacts business within the Northern District of Illinois. Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Plaintiff is a resident of the Northern District of Illinois.

## III. THE PARTIES

3.     Defendant, "Six Flags Entertainment Corporation" D/B/A SIX FLAGS GREAT AMERICA, provides recreational activities. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer".

**ANSWER:** Defendant avers that the allegations set forth in paragraph 3 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 3 of the Complaint contains factual allegations, Defendant denies each and every allegation, except admits that Great America, LLC (D/B/A "Six Flags Great America") was Plaintiff's employer.

4.     Plaintiff, KAITLIN E. WALSH, (hereinafter "the named Plaintiff"), is a past hourly employee who performed work for Defendant as a retail cashier. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendant as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**ANSWER:** Defendant denies each and every allegation set forth in paragraph 4 of the Complaint, except admits that Plaintiff was employed by Great America, LLC from May 26,

-2-

2011 to August 14, 2011 as an Attractions Hostess. Defendant avers that the allegations set forth in the last sentence of paragraph 4 of the Complaint state a legal conclusion to which no response is required.

5.     The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

**ANSWER:** Defendant avers that the allegations set forth in paragraph 5 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 5 of the Complaint contains factual allegations, Defendant denies each and every allegation.

6.     The non-compliant practices as alleged herein were part of a practice and policy implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

**ANSWER:** Defendant avers that the allegations set forth in paragraph 6 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 6 of the Complaint contains factual allegations, Defendant denies each and every allegation.

## IV.     STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

7.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 et. seq. and §251 et. seq. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**ANSWER:** Defendant avers that the allegations set forth in paragraph 7 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the

foregoing, to the extent that paragraph 7 of the Complaint contains factual allegations, Defendant

denies each and every allegation.

### Illinois Minimum Wage Law

8.      Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 <u>et seq.</u>, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

**ANSWER:**      Defendant avers that the allegations set forth in paragraph 8 of the

Complaint state a legal conclusion to which no response is required.  Notwithstanding the

foregoing, to the extent that paragraph 8 of the Complaint contains factual allegations, Defendant

denies each and every allegation.

### Illinois Wage Payment and Collection Act

9.      Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 <u>et seq.</u>, Count V of this action is brought by the Plaintiff to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action.  Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

**ANSWER:**      Defendant avers that the allegations set forth in paragraph 9 of the

Complaint state a legal conclusion to which no response is required.  Notwithstanding the

foregoing, to the extent that paragraph 9 of the Complaint contains factual allegations, Defendant

denies each and every allegation.

## V.      <u>FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS</u>

10.     Plaintiff, and all similarly situated members of the Plaintiff Class, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

**ANSWER:**      Defendant denies each and every allegation set forth in paragraph 10 of

the Complaint, except admits that Plaintiff was employed by Great America, LLC from May 26,

2011 to August 14, 2011.

11.     Plaintiff, and all similarly situated members of the Plaintiff Class, were required to be on site at Defendant's premises prior to their scheduled work shift for purposes of obtaining retail and cash drawer assignments and transporting those cash drawers to the designated retail location within the park, but were prohibited from recording their start work time until arrival at the designated retail location.

**ANSWER:**     Defendant denies each and every allegation set forth in paragraph 11 of

the Complaint.

12.     Near the end of her scheduled work shift, Plaintiff and all similarly situated members of the Plaintiff Class, were required to sign out at the retail location at which they were stationed for the day, and return the cash receipts to a central location and there turn in the signed time slip.

**ANSWER:**     Defendant denies each and every allegation set forth in paragraph 12 of

the Complaint.

13.     As a result of the violations described in paragraph 11 and 12 above Plaintiff, and all similarly situated members of the Plaintiff Class, were required to perform duties both before and after their shift which inured to the benefit of the Defendant corporation, but for which Plaintiff and all similarly situated members of the Plaintiff Class were not compensated.

**ANSWER:**     Defendant avers that the allegations set forth in paragraph 13 of the

Complaint state a legal conclusion to which no response is required.  Notwithstanding the

foregoing, to the extent that paragraph 13 of the Complaint contains factual allegations,

Defendant denies each and every allegation.

14.     Defendant has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, requiring work to be performed off the clock, without pay for that time.  In some instances that unpaid time should have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers could have been over 40 hours in particular workweeks.  In other instances, the unpaid time should have compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statues herein relied upon.

**ANSWER:**     Defendant avers that the allegations set forth in paragraph 14 of the

Complaint state a legal conclusion to which no response is required.  Notwithstanding the

foregoing, to the extent that paragraph 14 of the Complaint contains factual allegations,

Defendant denies each and every allegation.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-14.     Paragraphs 1 through 14 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 14 of this Count I.

**ANSWER:**     Defendant incorporates the responses made to paragraphs 1 through 14 of the Complaint as if fully set forth herein.

15.     Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 et. seq., and the Portal-to-Portal Act, 29 U.S.C. §251 et. seq., the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than the prevailing statutory minimum wage rate applicable in any week during the two (2) years preceding the filing of this action.

**ANSWER:**     Defendant avers that the allegations set forth in paragraph 15 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 15 of the Complaint contains factual allegations, Defendant denies each and every allegation.

16.     Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

**ANSWER:**     Defendant denies each and every allegation set forth in paragraph 16 of the Complaint.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c)     awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     for such additional relief as the Court deems appropriate under the circumstances.

**ANSWER:**    Defendant denies each and every allegation set forth in the

"WHEREFORE" clause of Count I of the Complaint, inclusive of subparts (a) through (d), and

denies that Plaintiff is entitled to any relief.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-16.    Paragraphs 1 through 16 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of Count II.

**ANSWER:**    Defendant incorporates the responses made to paragraphs 1 through 16 of

the Complaint as if fully set forth herein.

17.    Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policy and practice at issue was in violation of the statues alleged, or with a reckless disregard for whether or not the policy and practice was in violation of the those statutes.

**ANSWER:**    Defendant avers that the allegations set forth in paragraph 17 of the

Complaint state a legal conclusion to which no response is required.   Notwithstanding the

foregoing, to the extent that paragraph 17 of the Complaint contains factual allegations,

Defendant denies each and every allegation.

18.    Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than the prevailing statutory minimum wage rate applicable in any given week within the three (3) years preceding the filing of this complaint.

**ANSWER:**    Defendant avers that the allegations set forth in paragraph 18 of the

Complaint state a legal conclusion to which no response is required.   Notwithstanding the

foregoing, to the extent that paragraph 18 of the Complaint contains factual allegations,

Defendant denies each and every allegation.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

-7-

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     awarding Plaintiffs reasonable attorney's fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     for such additional relief the Court deems appropriate under the circumstances.

**ANSWER:**     Defendant denies each and every allegation set forth in the "WHEREFORE" clause of Count II of the Complaint, inclusive of subparts (a) through (d), and denies that Plaintiff is entitled to any relief.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-18.     Paragraphs 1 through 18 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count III.

**ANSWER:**     Defendant incorporates the responses made to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

19.     In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.

**ANSWER:**     Defendant avers that the allegations set forth in paragraph 19 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 19 of the Complaint contains factual allegations, Defendant denies each and every allegation.

20.     The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §260.

**ANSWER:**     Defendant avers that the allegations set forth in paragraph 20 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 20 of the Complaint contains factual allegations, Defendant denies each and every allegation.

-8-

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)     awarding liquidated damages equal to the amount of all unpaid compensation;

(b)     awarding Plaintiffs reasonable attorney's fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)     for such additional relief the Court deems appropriate under the circumstances.

**ANSWER:**     Defendant denies each and every allegation set forth in the

"WHEREFORE" clause of Count III of the Complaint, inclusive of subparts (a) through (c), and

denies that Plaintiff is entitled to any relief.

**COUNT IV**

**SUPPLEMENTAL STATE LAW CLAIM**
**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**

1-20.     Paragraphs 1 through 20 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of this Count IV.

**ANSWER:**     Defendant incorporates the responses made to paragraphs 1 through 20 of

the Complaint as if fully set forth herein.

21.     As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 et. seq.

**ANSWER:**     Defendant avers that the allegations set forth in paragraph 21 of the

Complaint state a legal conclusion to which no response is required.  Notwithstanding the

foregoing, to the extent that paragraph 21 of the Complaint contains factual allegations,

Defendant denies each and every allegation.

22.     During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

**ANSWER:**     Defendant avers that the allegations set forth in paragraph 22 of the

Complaint state a legal conclusion to which no response is required.  Notwithstanding the

foregoing, to the extent that paragraph 22 of the Complaint contains factual allegations, Defendant denies each and every allegation.

23.     Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

**ANSWER:**     Defendant avers that the allegations set forth in paragraph 23 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 23 of the Complaint contains factual allegations, Defendant denies each and every allegation.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)     declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant have remedied the compensation policies and practices complained of herein and is determined to be in full compliance with the law;

(d)     directing Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

**ANSWER:**     Defendant denies each and every allegation set forth in the "WHEREFORE" clause of Count IV of the Complaint, inclusive of subparts (a) through (e), and denies that Plaintiff is entitled to any relief.

**COUNT V**

**SUPPLEMENTAL STATE LAW CLAIM**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

1-23.     Paragraphs 1 through 23 of Count IV are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count V.

**ANSWER:** Defendant incorporates the responses made to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

24. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, ....". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses .... and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

**ANSWER:** Defendant avers that the allegations set forth in paragraph 24 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 24 of the Complaint contains factual allegations, Defendant denies each and every allegation.

25. At all times relevant there existed an agreement between Plaintiff, as well as members of the Plaintiff class, with Defendant that Defendant would comply in all respects with pertinent state and federal wage and hour law. Defendant has breached that agreement in that Defendant's compensation policies violate wage and hour provisions of both state and federal law.

**ANSWER:** Defendant denies each and every allegation set forth in paragraph 25 of the Complaint.

26. The Illinois Wage Payment and Collection Act, Section 4, provides that every employer shall pay "[A]ll wages earned by any employee during a semi-monthly or biweekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned".

**ANSWER:** Defendant avers that the allegations set forth in paragraph 26 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 26 of the Complaint contains factual allegations, Defendant denies each and every allegation.

27. The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee".

**ANSWER:** Defendant avers that the allegations set forth in paragraph 27 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 27 of the Complaint contains factual allegations, Defendant denies each and every allegation.

28. Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**ANSWER:** Defendant avers that the allegations set forth in paragraph 28 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 28 of the Complaint contains factual allegations, Defendant denies each and every allegation.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

**ANSWER:** Defendant denies each and every allegation set forth in the "WHEREFORE" clause of Count V of the Complaint, inclusive of subparts (a) through (e), and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

-12-

## FIRST AFFIRMATIVE DEFENSE

29.     The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

30.     The claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

31.     The claims are barred, in whole or in part, because at no time did Defendant act in a willful, wanton, reckless and/or malicious manner.

## FOURTH AFFIRMATIVE DEFENSE

32.     The claims are barred, in whole or in part, because Plaintiff has failed to comply with all procedural requirements for maintaining this action.

## FIFTH AFFIRMATIVE DEFENSE

33.     The claims are barred, in whole or in part, because the Defendant's alleged acts or omissions, if any, were in good faith and with the reasonable belief that the alleged acts or omissions, if any, were not a violation of any applicable law.

## SIXTH AFFIRMATIVE DEFENSE

34.     The claims are barred, in whole or in part, because the Defendant's alleged acts or omissions, if any, and the alleged damages claimed as a result, are *de minimis*.

## SEVENTH AFFIRMATIVE DEFENSES

35.     Plaintiff's purported § 216(b) collective action and her purported Rule 23 class action are procedurally irreconcilable and inherently incompatible.

## EIGHTH AFFIRMATIVE DEFENSE

36.     Some or all of the claims alleged in the Complaint are not proper for treatment as a collective or class action because, among other reasons:  (a) Plaintiff is not similarly situated to

the individuals she purports to represent; (b) Plaintiff lacks standing to assert the legal rights or interests of others; (c) Plaintiff is an inadequate representative of the purported class (the existence of which is expressly denied); (d) Plaintiff cannot establish the commonality of her claims; (e) Plaintiff cannot establish the typicality of her claims; and (f) the individualized nature of Plaintiff's claims make class treatment inappropriate.

## NINTH AFFIRMATIVE DEFENSE

37.    The claims are barred, in whole or in part, because Defendant is not a proper party to this action.

## TENTH AFFIRMATIVE DEFENSE

38.    The claims are barred, in whole or in part, because Defendant is not Plaintiff's "employer" under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

39.    The claims are barred, in whole or in part, because Plaintiff has failed to join all proper parties and/or necessary and indispensable parties for a full and just adjudication of this action.

## TWELFTH AFFIRMATIVE DEFENSE

40.    Defendant presently has insufficient knowledge or information to form a belief as to whether it may have additional, yet unasserted, affirmative defenses.  Defendant therefore expressly reserves the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate.

-14-

**WHEREFORE**, Defendant seeks judgment against Plaintiff:

(a)     Denying Plaintiff's request to proceed as a collective or class action;

(b)     Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(b)     Awarding Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

(d)     Granting Defendant such other and further relief as this Court deems just and proper.

Dated: Chicago, Illinois          Respectfully submitted,
       March 18, 2013
                                  **SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP


                                  By:    /s/ Catherine Diggins

                                         Kevin Cloutier
                                         Catherine B. Diggins
                                         Sheppard, Mullin, Richter & Hampton LLP
                                         Three First National Plaza
                                         70 West Madison Street, 48th Floor
                                         Chicago, IL 60602
                                         Tel:  312.499.6300
                                         Fax: 312.499.6301

                                         James R. Hays
                                         Sheppard, Mullin, Richter & Hampton LLP
                                         30 Rockefeller Plaza
                                         New York, New York 10112
                                         Telephone:  (212) 653-8700
                                         Facsimile:  (212) 653-8701
                                         jhays@sheppardmullin.com

                                         *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, <u>Catherine Diggins</u>, hereby certify that on March 18, 2013, I caused a true and correct

copy of the foregoing Answer and Affirmative Defendants to be electronically filed utilizing the

Court's CM/ECF system, which will automatically send notice of such filing to the following

attorneys of record:

John William Billhorn
Billhorn Law Firm
120 South State Street
Suite 400
Chicago, IL 60603
(312) 853-1450
Email: jbillhorn@billhornlaw.com

*Attorneys for Plaintiff*

Dated: Chicago, Illinois                                    /s/ Catherine Diggins
       March 18, 2013